Citation Nr: 1334645 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 07-35 513 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for hemorrhoids.

2. Entitlement to a compensable initial disability rating for bilateral hearing loss.

3. Entitlement to an initial disability rating in excess of 30 percent for posttraumatic stress disorder (PTSD) prior to November 2, 2011, excluding the period from September 8, 2008 through October 31, 2008.

4. Entitlement to an initial disability rating in excess of 50 percent for PTSD from November 2, 2011.


REPRESENTATION

Appellant represented by: Disabled American Veterans



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

D.S. Lee, Counsel


INTRODUCTION

The Veteran served on active duty from January 1968 through January 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

The Veteran testified during an August 2011 video conference hearing. A transcript of this testimony is associated with the claims file.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

As discussed briefly above, the Veteran testified during an August 2011 video conference hearing. In September 2013, the Veteran was notified that the Veterans Law Judge who conducted the hearing was no longer employed with the Board. The Veteran was provided the option of requesting a new hearing, to be held before a currently sitting Board member, pursuant to 38 C.F.R. § 20.707. Later that month, the Veteran responded that he wished to testify at a new video conference hearing. Accordingly, this matter must be remanded to the RO in order to afford the Veteran his requested hearing.

Accordingly, the case is REMANDED for the following action:

The RO should schedule the Veteran for a video conference hearing. The RO should notify the Veteran and his representative of the date and time of the hearing. See 38 C.F.R. § 20.704(b). If the Veteran fails to report for the hearing, a copy of the letter notifying the Veteran of the date and time of the hearing must be associated with the claims file. After the hearing, the claims file should be returned to the Board in accordance with current appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).